IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VERNON LEE POPE | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. RDB-16-509 |
| WILLIE F. THOMAS | * | |
| Defendant. | | |
| | ***** | |

**MEMORANDUM OPINION**

On February 23, 2016, Plaintiff Vernon Lee Pope ("Pope"), a resident of Baltimore, Maryland, filed the instant Complaint against Defendant Willie F. Thomas ("Thomas"), also a Baltimore resident, invoking federal district court jurisdiction under the "False Claims Act." ECF No. 1-1 at Civil Cover Sheet. Pope claims that he lent "the Defendant my car & he accumulated $628.409 worth of tickets & [is] refusing to pay." ECF No. 1 at p. 2. He seeks reimbursement of the aforementioned cost of the tickets. For reasons to follow, the Complaint shall be summarily dismissed.

Pope has filed a Motion for Leave to Proceed In forma Pauperis. ECF No. 2. Because he appears indigent, leave to proceed without prepayment of the filing fee shall be granted. His Complaint shall, however, be dismissed without prejudice for lack of subject matter jurisdiction.

A Court may consider subject matter jurisdiction as part of its initial review of the Complaint. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"). In general, if subject matter jurisdiction is lacking in an action before a court, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action."). Consequently a federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the Court has an obligation to consider its subject matter jurisdiction *sua sponte*. *See Joseph v. Leavitt,* 465 F.3d 87, 89 (2d Cir. 2006). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.,* 369 F.3d 385, 390 (4th Cir. 2004).

District courts have original jurisdiction pursuant to 28 U.S.C. § 1331 "of all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. Under the "well-pleaded complaint doctrine," federal jurisdiction exists only when a federal question is presented on the face of Plaintiff's properly pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Fourth Circuit has observed that "[t]here is no 'single, precise definition' of what it means for an action to 'arise under' federal law." *Verizon Md., Inc. v. Global NAPS, Inc.,* 377 F.3d 355, 362 (4th Cir. 2004) (quoting *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808 (1986)). Indeed:

> The Supreme Court has recognized § 1331 jurisdiction in a variety of cases, such as (1) when a federal right or immunity forms an essential element of the plaintiff's claim; (2) when a plaintiff's right to relief depends upon the construction or application of federal law, and the federal nature of the claim rests upon a reasonable foundation; (3) when federal law creates the cause of action; and (4) when the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

*Id*. (internal citations and quotations omitted).

The Court has carefully reviewed Pope's Complaint and finds that a federal claim is not readily apparent. Whether his cause of action alleges tortious conduct or breach of contract on the part of Defendant, Pope has failed to set out a colorable claim under 28 U.S.C. § 1331.

Since the Court has determined that federal question jurisdiction is lacking, the only possible basis for jurisdiction over Pope's tort claim is diversity of citizenship.  Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  When a party seeks to invoke diversity jurisdiction under § 1332, he or she bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.  *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).  The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant.  *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989).  "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other."  *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

Both Pope and Thomas reside in Maryland.  Therefore, the Complaint does not satisfy diversity of citizenship requirements.  Further Pope seeks approximately $630.00 in damages.  The amount of controversy has not been satisfied.  The cause of action shall be dismissed for lack of subject matter jurisdiction.  A separate Order shall be entered in accordance with this Memorandum Opinion.


Date: February 26, 2016              _____/s/_____
                                     RICHARD D. BENNETT
                                     UNITED STATES DISTRICT JUDGE